Craig Weinemann for Michael J. Cates. May it please the court and counsel, the documents submitted by the government in this case at the sentencing hearing failed to clearly establish that Mr. Cates was convicted of three different generic burglaries. For the two burglaries that the government submitted charging documents that – and judgments that resulted from guilty pleas and met. And those two are on pages 42 to 45 and 46 to 47 of the excerpt of record. The government submitted a charging document and information. The government submitted a judgment. But those two documents together did not indicate that Mr. Cates was convicted as charged in the information or as alleged in the information. And, in fact, if you look at the judgment in those two convictions carefully, it does not even cross-reference to an information. It doesn't say, for example, that he pled guilty to the information. So we don't have a link. We don't have a connection between the documents the government submitted for those two convictions. It is our position that absent language in the judgment that somehow references the charging document, the government needs to present to the sentencing court a pretranscript. Counsel, you're discussing the modified categorical approach? I am, Your Honor. What if we do the categorical approach? Haven't we held that first-degree burglary is categorically a crime of violence under Oregon law? Well, this court has, in a very brief opinion in Hunt, so ruled. We believe that the court is going to be taking another look at that issue in the future. It's going to be argued later this month. But doesn't the Grassell case involve second-degree burglary? That is correct. It does involve second-degree burglary. But the Oregon burglary statute, the first-degree section of it, cross-references to the Oregon broad definition of building. So the – what makes a burglary – first-degree burglary in Oregon is it has to be a block. If it's a building, it's second-degree burglary. Right. So a dwell – if the first-degree burglary is a dwelling, why doesn't that end the discussion? Because a dwelling is definitely a generic burglary under common law, wouldn't it? Wouldn't that end the discussion? Well, I don't believe common law controls, because that's what was at issue in Taylor, and the Supreme Court said we are – we are – Okay. The generic definition, then. Right. Wouldn't burglary of a dwelling fit the generic definition of burglary? Not necessarily, if you look at the broad definition of building. Not building. Dwelling. Dwelling. But if you look at the definition of dwelling in the Oregon burglary statute, it incorporates, by reference, the definition of building, which is overbroad, because it includes non-structures like automobiles, like – Adapted for living. Adapted for living and adapted for business. So it is our position, and I think it's – well, I'm not going to comment on what the attorneys in DeSello are saying, but it is our position that that is an overbroad definition that Hunt depended on Cunningham, which this Court is taking another look at, and finding that the Oregon burglary statute, first and second degree, are a categorical match. And if this Court decides that Cunningham was wrongly decided, then I believe Hunt is also wrongly decided because the two cases, you know, rely so closely on each other and, again, depend upon this broad definition of building in the Oregon burglary statute. Let me ask you a question, Mr. Wienermann, about that. Is it Wienermann or Weinermann? It's Wienermann. Thank you, sir. Mr. Wienermann, thank you. In looking at your argument that the first degree burglary incorporates the reference to a building, and we know that building has a broad definition. It could include a toll booth or something like that, or a shed. However, I thought that in the first degree offense, where it incorporated that, it said something like a building that is occupied. So if it's occupied, doesn't that make it a dwelling? In other words, you couldn't have a toll booth that was occupied by somebody, I don't think. I would agree. In the scenario you described, you know, the question is whether, if you look at the full range of conduct in the Oregon burglary statute, first and second degree, the question is, under the categorical approach, whether the full range of conduct allows someone to be convicted of a burglary that is not generic burglary. And what we are saying is, even under the first degree burglary situation in Oregon, the answer to that question is yes, someone could be convicted of a non-generic burglary because the first degree burglary statute, which defines dwelling as a building, incorporates the definition of building in the Oregon statute, which broadly covers not only structures, but also non-structures. So in your scenario, I would say you would have to look at the documents and employ the modified categorical approach in order to determine whether the prior conviction is a generic burglary and not a non-generic burglary. Okay. Victor. I thought the problem with the Oregon first degree burglary statute was the following, which is, you're correct, it references back to the second degree statute. But if you go to this text of the first degree statute, it says, a person commits the crime of burglary in the first degree if the person violates the second degree statute and the building is a dwelling, referring to what Judge Gould said. Then there's a or. Or if an effecting entry, or while in the building, or an immediate flight therefrom, the person is armed and has a number of different tools and whatnot. And so that second clause just refers to a building as opposed to a dwelling. I mean, those other instruments could be used in effectuating the burglary. Right. Non-dwelling. Yeah. Right. Which is what I understood the argument to be, which makes this first degree statute potentially not categorically aggravated felony in all instances. Yes. That's our position, that it's overbroad. And in order to prove generic burglary, the government, as in this case, would have to rely on the modified categorical approach, which I would submit that they did not do because, again, the first two convictions that resulted from guilty pleas, the government did not submit a plea transcript. And this Court has discussed this in Velasco-Medina. To me, that is the strongest case that we have in our favor because in Velasco-Medina, in order to find generic burglary, the Court relied on language and the judgment in that case, which specifically cross-referenced to the charging document, the judgment saying the defendant has been convicted of burglary as charged in the information, or at least the judgment refers to the information. In this case, in the case of Mr. Cates, the judgment that the government submitted did not reference the charging document either by saying as charged in the information or even mentioning the information at all. Counsel, let me ask you this. If the Brassell en banc panel does not overrule Hunt specifically, do you lose this case? Well, it depends what Brassell says. If Brassell just specifically deals with the second-degree Oregon burglary statute, I'm not sure that we do. I think it's still an open issue. Obviously, if the defendant loses it. But we're bound by Hunt. Unless it's overruled, we are bound by that. Well, yeah. If Brassell says we were right in Cunningham, then Hunt depends on Cunningham. And, yes, I would have to say that if the en banc panel does not overrule Cunningham. That wasn't my question. I said if the court doesn't specifically overrule Hunt, do you lose? I would like to answer it like this, Your Honor, that if the court overrules Cunningham, then I think Hunt relies on Cunningham and that the Oregon first-degree burglary statute by implication is also overbought. I'd like to reserve the remaining time to rebuttal. Thank you. Good morning. I'm Frank Papagni. I was the prosecutor in this case. Judge Aiken decided that two of the defendant's drug trafficking crimes qualified as predicate offenses. That hasn't been argued, but clearly one of those, it's valid with giving the three necessary predicate convictions to receive the sentence he did. She also then had us argue, which is in the excerpt of record, why these burglary convictions should be predicate convictions. She did not address the Berg II convictions. I conceded a couple of them didn't qualify anyway. And the approach I took as the prosecutor was to argue the categorical approach and then, of course, as a backup position, argue the modified categorical approach. Let me get you right to the question of concern to me on the categorical approach. Picking up on Judge Pius' question earlier, if someone broke into a potato shed or a tool shed or even, you know, a toll booth, using some standard burglary tool, whatever that might be. That's been a problem for the Oregon Supreme Court. Would that be burglary in the first degree? As a state prosecutor, I would charge it as that. As a federal prosecutor, I would not argue it as a burglary under 924E. I'd probably use the otherwise phrase saying that you go into a potato shed carrying a gun or a knife or maybe a sharpened screwdriver, which sometimes can be a burglary tool. I'd probably prefer to use that attempted or threatened physical injury section of the 924E. But the answer to your question is, no, that's not a burglary as far as Taylor's concerned. Not in my opinion. So if that's not, then is it correct that the Oregon statute at least covers some situations that aren't burglary under Taylor, so we have to get to the modified categorical approach on the burglary? Well, that's why I took the approach I did in this case. I think that the burg won. I submit that the burg won as alleged in each of these informations and indictments that Mr. Weinerman is complaining about. Judge Aiken looked at it and noticed that it said building to wit a dwelling. A dwelling. And also in the indictment it said a building and then a dwelling. And dwelling, which the definition has been provided on excerpt of Record 97 by myself to Judge Aiken, and in a footnote I provided to the court, which I happened to leave out, vehicle or boat, but at least on excerpt of Record 97 it said, A dwelling is described according to Oregon Revised Statute 164205, subsection 2, quote, means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not the person is actually present. Now, I've read Taylor quite a few times. I'm sure the court has too. That seems to cover it. And the indictment and the information that Judge Aiken relied upon, it said there was a sufficient nexus, and that was very reasonable and logical. It didn't have the word as charged, which was the technical word Mr. Weinerman wanted to see, but certainly Judge Aiken made those findings, as you'll see in the excerpt. He pled guilty to that particular offense, right, the 1979? Yes. One was a guilty plea. That's when he was a juvenile, but he got all the due process rights. And the second one, he was an adult, and that was a jury finding, which is reflected in the judgment. So in both instances, he was found guilty of burglary or pled guilty to burglary in the first degree. In both instances, the charging documents, which I submitted under Shepard, as well as the Smith decision, which, by the way, Mr. Weinerman and I also argued, chose the charging instrument, the judgment, and they blended together with case number, same count number, and Judge Aiken reasonably and logically concluded the nexus was sufficient for her to find that he, in fact, was convicted of generic burglary. That is, of course, on top of the fact, she also found that the two drug trafficking convictions under the Murillo analysis qualified as predicate convictions, giving Mr. Cate a total of six predicate convictions for purposes of being sentenced as an armed career criminal. I need but one for this Court to affirm her sentence. And that's the argument that I'm submitting to you today. Counsel, let me ask you about the 1998 burglary conviction. Was that after a jury trial? As I recall from the excerpt of record, you look at the judgment order. That's the key. And I believe that's on excerpt of record, pages 53 and 56. So let's get to 56. And you see that at the top of page 56, it says, The above-named defendant, that's Mr. Cates, coming before this Court in January of 99, stayed appearing by a prosecutor, defendant with his attorney, defendant being advised the right to cancel and found guilty. And then, of course, they line out by court. It says, Jury 2, and is convicted of the following offense. Count 1, burglary in the first degree. It was a jury trial. The difficulty I have with that is it appears that our court in Lee v. Ashcroft says that in a jury trial there must be a verdict form verifying that the jury has found the truthfulness of all the allegations for the conviction to be counted as a predicate. Do we have that for the 1998? No. So how can it count as a predicate conviction, then, if we don't have the requirements? The Shepard decision, as well as the Taylor decision, says that you have a comparable judicial record that supports a court finding. We, in this circuit, unequivocally finding or clearly finding, as Judge Aiken did, that there was a nexus or a connection between the two. And that's why I offered the documents that were available. What do you do with our Lee decision, then? Do we just disregard that? No, I think that if you don't have the judgment or a comparable judicial record, I think that opinion applies. And that's why I submitted what was, in this case, not an abstract of judgment, like you get in California, but an actual judgment signed by the judge. So that helps give some, if you will. Tell us what the jury found, then. It does. Judges usually do. And that's what I have to rely upon in this case, Your Honor, to draw. But you're not – you don't need to rely on 99 perjury. Actually, I don't need to rely on either perjury convictions. I can succeed just – Who are we going to rely on? Who are we going to – based on one of the perjury convictions, it would have to be the 78. I would submit you can rely on both for the reasons I've given you, because I've done this argument before this Court before, and that is, what documents can a trial judge look at? It's pretty clear charging documents. Plead colloquy was the argument that Mr. Weinerman and I made before Judge Wallace and the panel and Smith, and that was upheld in Shepard. And as a consequence, what the position seems to be, at least the state of the law as we stand here today, is, if I provide you as a prosecutor with judicial documents or records or transcripts that the Court can say are reliable and fits within the Shepard and Taylor decision, then you can consider it. So Judge Wallinson's question about, gee, Mr. Papagni, don't you need this exact document, my answer is, well, in that case, you're right. I do. But as you read the series of cases, it's pretty clear that when you're a trial judge, you want to look at those documents that are judicial documents that have the reliability and credibility that give you the ability to make the findings that Judge Aiken made in this case, which she did. It's interesting to note she didn't make similar findings on the Berg II convictions I submitted to her. Perhaps she had foresight to know someday I'd be here. If there's any other questions, nod I'm done. Thank you. Okay. Thank you. Mr. Weinerman. Thank you. Please. My friend, Mr. Papagni, always likes to remind me of the Smith case. In the brief time I have, I'd like to just go back to what the burden of proof is on the government, and that is to clearly establish, and other languages this Court has used, unequivocally establish that there's a conviction for generic burglary. This Court has also held in the Cisneros case that inferences are not enough under the modified categorical approach to show that there was a conviction for generic burglary. In this case, when you look at the documents in the two convictions, burglar convictions that resulted from guilty pleas, those documents may raise an inference that he was acting as charged in, as alleged in, or even referring to the information. That does not satisfy the government's burden of proof. Thank you, Your Honor. Thank you. Thank you. It's a very illuminating argument from both sides. We appreciate it. U.S. v. Cates shall be submitted.
judges: Gould, Paez, Rawlinson